UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE LAMAR JAMES,<br><br>        Plaintiff,<br><br>    v.<br><br>RILEY and GUTIERREZ,<br><br>        Defendants. | Case No. 1:22-cv-00625-HBK (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE PURSUANT TO LOCAL RULE 182(b)[1]<br><br>14-DAY DEADLINE |

      Plaintiff Andre Lamar James is a state prisoner proceeding pro se in this civil rights action. For the reasons set forth below, the undersigned recommends that the District Court dismiss this action consistent with the Court's Local Rule for Plaintiff's failure to prosecute this action. Specifically, Plaintiff failed to keep the Court apprised of a current address.

**BACKGROUND**

      Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1, "Complaint"). On August 21, 2023, pursuant to 28 U.S.C. § 1915A the Court issued a screening order. (Doc. No. 11 at 1). The Court afforded Plaintiff three options to exercise by September 21, 2023: (1) file an amended complaint; (2) file a notice that he intends to stand on

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

his initial complaint subject to the undersigned recommending the district court dismiss certain claims and Defendants; or (3) stand on his Complaint subject to the undersigned recommending the district court dismiss certain claims and Defendants. (*Id*. at 9-10). The Court expressly warned Plaintiff that if he "fails to timely respond to this Court Order or seek an extension of time to comply" the undersigned "will recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and prosecute this action." (*Id*. at 10 ¶ 2). On August 31, 2023, the August 21, 2023 Screening Order was returned undeliverable. (*See* docket). Per Local Rule 183(b) Plaintiff was required to update his address with the Court within 63 days of the mail being returned undeliverable. (E.D. Cal. 2022). As of the date of this Findings and Recommendation, Plaintiff has not filed an updated address as required by Local Rule 182(f) and the time to do so has expired. *See* docket.

## APPLICABLE LAW AND ANALYSIS

Plaintiff was obligated to keep this Court informed of his proper address. Specifically:

> [a] party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Local Rule 183(b); *see also* Local Rule 182(f) (all parties are "under a continuing duty" to notify the clerk of "any change of address[.]"). Plaintiff was notified of his obligation to keep the Court informed of his address and advised that the Court would dismiss an action without prejudice if Plaintiff does not update his address within sixty-three (63) days. (Doc. No. 3, VIII.B.). Precedent supports a dismissal of a case when a litigant does not keep the court appraised on his address. *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (affirming lower court and finding no abuse of discretion when district court dismissed case without prejudice after pro se plaintiff did not comply with local rule requiring pro se plaintiffs keep court apprised of addresses at all times); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal proper for failure to prosecute and comply with local rules of court); *Hanley v. Opinski*, 2018 WL 3388510 (E.D. Ca. July 10, 2018) (dismissing action for failure to prosecute and to provide court with current

address); *Davis v. Kern Valley State Prison*, 2023 WL 2992980, at *1, fn 1 (E.D. Cal. Apr. 18, 2023).   More than sixty-three (63) days has passed since the Court's August 21, 2023 Order was returned as undeliverable, and Plaintiff has not filed a notice of change of address.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign a district judge to this case.

It is further **RECOMMENDED**:

This action be DISMISSED without prejudice for pursuant to Local Rule 183(b) for Plaintiff's failure to prosecute this action.

## NOTICE

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days of the date of service of these Findings and Recommendations, a party may file written objections with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." A party's failure to file objections within the specified time may result in waiver of his rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   November 9, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3